## MASSACHUSETTS *v.* NEW YORK ET AL.

### IN EQUITY.

No. 14, Original. Decree entered June 7, 1926.

Final decree defining the rights of the States of New York and Massachusetts respecting the land in controversy, and dismissing the bill, with provisions as to costs.

For the opinion in the case, see *ante,* p. 65.

Announced by MR. JUSTICE HOLMES.

This cause coming on to be heard on the bill of complaint, the answers of the several defendants, and upon the pleadings and proofs as well as upon the report of Wade H. Ellis, Esquire, the Special Master appointed by this Court to take proofs and make report to this Court in this cause, and the arguments of counsel thereupon

had; therefore for the purpose of carrying into effect the conclusions of this Court as stated in its opinion filed herein April 12, 1926,

IT IS NOW HERE ORDERED, ADJUDGED, AND DECREED, by this Court, *First:* That in and by the agreement duly entered into between the Commissioners of the State of New York and the Commissioners of the Commonwealth of Massachusetts relating to the so-called western lands and dated December 16th, 1786, which Agreement is called in this case and generally known as the Treaty of Hartford and which is recorded in the office of the Secretary of the Commonwealth of Massachusetts, Volume 1, Treaties and Contracts, page 83 and is also duly recorded in the Office of the Secretary of State of the State of New York, in Liber 22 of Deeds at page 38, which Treaty of Hartford is referred to in said Bill of Complaint and in the said Answers thereto, the State of New York did not cede nor grant unto the Commonwealth of Massachusetts any of the land then under the water of Lake Ontario, and that the right of preëmption of lands and territory granted to the Commonwealth of Massachusetts by the State of New York was not intended by the State of New York nor by the Commonwealth of Massachusetts to include any of the bed of Lake Ontario as it then existed, and the Commonwealth of Massachusetts in and by the terms in said Treaty did thereby cede and release to the State of New York all right and title of said Commonwealth of Massachusetts in and to the bed of Lake Ontario as part of the rights appertaining to the sovereignty of the State of New York over the said territory. .

*Second:* That the Commonwealth of Massachusetts in and by its Legislative Act approved November 21st, 1788 in Chapter 23 of the Laws and Resolutions of the Session of 1788–1789, did duly grant and convey to Oliver Phelps and Nathaniel Gorham the lands and premises which are known in this case and generally known as the Phelps and

Gorham purchase, bounded by the north boundary line of the State of Pennsylvania, bounded on the east by the meridian line which formed the easterly boundary line of the land, the right of preemption to which was ceded to the Commonwealth of Massachusetts by the Treaty of Hartford; bounded on the west by a line which it was agreed and enacted as it approaches Lake Ontario running northwardly should be " 12 miles distant from the most westward bounds of said Genesee River to the shore of Ontario Lake " and the north boundary of which, it was so agreed and enacted should run thence easterly along the shores of said Lake to the meridian forming said easterly boundary, and that it was the intention of the Commonwealth of Massachusetts and of said Oliver Phelps and Nathaniel Gorham; that in and by the said grant, there should be vested in said Oliver Phelps and Nathaniel Gorham title in and to all of the land between the northern boundary of Pennsylvania and the waters of Lake Ontario between the eastern and the western boundary lines of said grant, and that the expression used in said Legislative Act and grant " to the shore of Lake Ontario, thence eastwardly along the shores of said lake," was intended by the parties in said grant to mean to the edge of the water of Lake Ontario, and thence eastwardly along the water line of Lake Ontario, and that the Commonwealth of Massachusetts did not intend to and did not retain unto itself any land lying within said eastern and western boundaries of said Phelps and Gorham purchase bordering on waters of Lake Ontario and called the shore thereof, and that the Plaintiff, the Commonwealth of Massachusetts has no right, title and interest in or to any of the real estate or premises described in the Bill of Complaint.

Whereupon, it is now here ordered, adjudged, and decreed by this Court that the Bill of Complaint herein be, and the same hereby is, dismissed with costs to be paid by the Complainant.

It is further ordered by this Court that there be included as costs in this Court one-half of the cost of the typewritten copy of the testimony furnished to the Special Master, and the whole of the clerk's costs in this Court.

[Here followed further and concluding provisions, concerning the compensation and disbursements of the Special Master.]